35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter R. FARR, Plaintiff-Appellant,
v.
Hope PINKERTON, Assistant Prosecuting Attorney, Eaton
County, Michigan; Michael Hocking, Prosecuting Attorney,
Eaton County, Michigan; Deputy Schepp, Sheriff's Deputy,
Eaton County, Michigan; and any additional defendants as
discovery may indicate, Defendants-Appellees.
 No. 94-1024.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1994.
 
 Before: KEITH and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Walter R. Farr, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Farr sued the assistant prosecuting attorney (Pinkerton) of Eaton County, Michigan, the prosecuting attorney (Hocking), and a deputy (Schepp), in both their individual and official capacities. Farr alleged that the defendants deprived him of his property without due process of law. Specifically, he alleged that the defendants seized his motorcycle without a search warrant and without exigent circumstances, and that they later released it to someone else without a hearing or a proper determination of rightful ownership.
 
 
 3
 By way of background, on September 4, 1990, Farr was arrested on title forgery charges pursuant to a warrant based on a complaint by Robert Pruden. At the time of his arrest, the defendants seized a 1985 Harley Davidson motorcycle. On or about September 7, 1990, the motorcycle was released to Pruden. Subsequently, charges against Farr were dismissed, after continued investigation produced a reasonable doubt as to Farr's guilt.
 
 
 4
 Upon review of the defendants' motion as well as Farr's response, the district court dismissed the claims against defendants Hocking and Schepp for failure to state a claim, and granted summary judgment in favor of defendant Pinkerton as Farr's claims lacked merit. Farr has filed a timely appeal reasserting his same claims. He argues that he did not file an affidavit in response to defendants' motion because the district court did not properly advise him of the summary judgment requirements. In addition, he argues that the district court did not give proper consideration to an evidence tag which indicated that his motorcycle could only be released upon Pinkerton's authority.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Farr's claims against defendants Hocking and Schepp. See Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir.1991). Defendant Hocking is not subject to Sec. 1983 liability because he was not personally involved in the actions giving rise to Farr's claims. See Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978); Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir.1993). Farr's claims against defendant Schepp were properly dismissed as Schepp's actions did not cause the alleged improper release of Farr's motorcycle. See Deaton v. Montgomery County, Ohio, 989 F.2d 885, 889 (6th Cir.1993).
 
 
 6
 The district court also properly granted summary judgment to defendant Pinkerton, but not for all the reasons stated by it. We review a district court's grant of summary judgment de novo. See Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 7
 The district court granted summary judgment to defendant Pinkerton because she was entitled to absolute immunity and because she averred that she had not authorized the release of Farr's motorcycle. However, we conclude that Pinkerton is not entitled to absolute immunity for her alleged release of plaintiff's motorcycle because the decision to release the motorcycle was an administrative action not an advocative function. See Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615-18 (1993). Nonetheless, Pinkerton is entitled to summary judgment because she averred that she did not authorize the release of Farr's motorcycle and thus she did not cause Farr's injury. See Deaton, 989 F.2d at 889. Farr's response, in which he merely relied on the allegations contained in his complaint, is insufficient to rebut Pinkerton's motion for summary judgment. See Fed.R.Civ.P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Smith v. Transworld Sys., 953 F.2d 1025, 1028 (6th Cir.1992). Moreover, contrary to Farr's argument on appeal, the district court had no obligation to inform him of his burden to respond to Pinkerton's affidavit as prescribed by Rule 56(e). See Williams v. Browman, 981 F.2d 901, 903 (6th Cir.1992).
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.